MCC:SRC:dlm

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | NO. 1:CV-06-1127 |
| Plaintiff | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| **JULIE NICKLIN, et al.,** | : | |
| Defendants | : | Filed Electronically |

### BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION

NOW COME Defendants, by and through their counsel, Martin C. Carlson, United States Attorney for the Middle District of Pennsylvania, and Stephen R. Cerutti, Assistant United States Attorney, who hereby file this brief in support of their motion for reconsideration of the Court's Order of June 24, 2008. In support thereof, Defendants aver as follows:

### PROCEDURAL HISTORY

This is a combined <u>Bivens</u>[1]/Federal Tort Claims Act ("FTCA") action brought by Plaintiff, Frederick Banks ("Banks"), who is an inmate formerly

---

[1] <u>Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics</u>, 403 U.S. 388 (1971).

incarcerated at the Canaan Federal Prison Camp, in Waymart, Pennsylvania (hereinafter "FPC Canaan").

In his Amended Complaint, Banks makes numerous claims that Defendants 1) discriminated against him; 2) conspired against him; 3) denied him access to the law library; 4) denied him requested medical care; 5) spied into his personal affairs and "obstructed the remedy process, and stamps, and telephone and mail; and 6) use confidential informants to gain information on what is happening at FPC Canaan.

Defendants filed a motion to dismiss or, in the alternative, for summary judgment on December 21, 2007, and filed their brief in support of that motion on January 10, 2008.  Banks opposed Defendants' motion on January 22, 2008 and Defendants filed their reply on February 6, 2008.

On June 24, 2008, a Memorandum and Order was issued ordering that Defendants' motion be granted in part and denied in part.  Specifically: 1) all claims against unknown Defendants were dismissed; 2) all <u>bivens</u> claims against the BOP and the United States of America were dismissed; 3) all claims for injunctive relief were dismissed as moot; 4) all FTCA claims and all <u>bivens</u> claims that accrued during or after the May 29, 2006 meeting, and all claims relating to the denial of access to religious materials and prison work status were dismissed;

and 5) all claims of conspiracy pursuant to 42 U.S.C. § 1985 and all bivens equal protection claims were dismissed. The Court granted Banks leave to file an Amended Complaint with respect to certain claims.

Defendants submit this brief in support of their motion for the Court to reconsider its June 24, 2008 Order.

## DISCUSSION

**I.    This Court Should Reconsider Its Decision Because It Failed To Take Into Account The Effects of 28 C.F.R. § 542.14(b) In Addressing The Defendants' Exhaustion Arguments.**

As the Court is aware, in briefing on their dispositive motion the Defendant's asserted that all of Bank's claims against them should be dismissed due to his failure to exhaust his administrative remedies under 28 C.F.R. §§ 542.10 - 542.19 as required by the Prison Litigation Reform Act ("PLRA").[2] In response to this argument, Banks does not dispute that he never filed grievances as required by the relevant regulations, but rather asserted that he was prevented from doing so during the time period he was held in the prison's Special Housing Unit ("SHU").[3]

---

[2]   Rec. Doc. No. 54, pp. 3-4, 9-15.

[3]   Rec. Doc. No. 57, pp. 1-2.

In analyzing the exhaustion issue, this Court found that Banks was first placed in the SHU on April 17, 2006;[4] and that he filed his first (of many) administrative grievances on May 26, 2006.[5] Based on these dates, the Court held that – even accepting Banks' allegations of obstruction with regard to attempts to seek administrative remedies while he was in the SHU – those alleged instances of obstruction must have ended on May 26, 2006.[6] Further, this Court noted that 28 C.F.R. § 542.14(a) gives inmates twenty days from an alleged incident for which they seek a remedy to file a grievance based on that incident, and thus held that any grievances based on alleged misconduct on the part of defendants that took place after May 6, 2006, were required to have been exhausted by Banks through the BOP's remedy process.[7] For those allegations that Banks claimed occurred between April 17, 2006, and May 6, 2006, however (or for those where there was no temporal indicator) this Court held that Banks had met his exhaustion requirement since he was allegedly denied the forms required to file a grievance,

---

[4] June 24, 2008, Memorandum and Order, p.4.

[5] Id., at pp. 16-17.

[6] Id., at p. 16.

[7] Id., at p. 17.

and by the time they were made available, the twenty-day deadline set forth in 28 C.F.R. § 542.14(a) had passed.[8]

The Defendants seek reconsideration of the above determination because, despite the thoroughness of the Court's analysis, it nonetheless failed to take into account (or even mention) the provisions contained in 28 C.F.R. § 542.14(b) which states:

> **(b) Extension**. Where the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed. In general, valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame. Valid reasons for delay include the following: an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions requested under § 542.19 of this part was delayed.[9]

As a result of the existence of § 542.14(b), the Court cannot limit its exhaustion analysis in this case to what remedies were or were not available to Banks during § 542.14(a)'s twenty-day submission period – it must also consider whether or not Banks made any requests for extensions of that twenty-day period

---

[8]   Id., at pp. 16-18.

[9]   28 C.F.R. § 542.14(b).

once he was able to start filing administrative remedy requests on May 26, 2006.[10] It is undisputed that he did not.

In short, Banks may not have been able to file a grievance from April 17, 2006, through May 26, 2006, (if one believes his allegations) but after the latter date the full panoply of administrative remedies was clearly made available to him – including a mechanism that would allow him to seek redress for *ALL* of the alleged acts that took place from April 17, 2006, onward, and not just those within the previous twenty days.

To be sure, the BOP may have denied the extension request and rejected his claims as untimely, but it was nonetheless incumbent upon Banks, under the

---

[10] See, e.g. McCoy v. Gilbert, 270 F.3d 503, 510-511 (7th Cir. 2001)(holding that an inmate who claimed his grievance could not have been filed within twenty days of the incident at issue was required to request an extension of time to file a grievance under § 542.14(b) before suing in federal court.); Free v. Unknown Officers of the Federal Bureau of Prisons, 103 Fed. Appx. 334, 2004 WL 1447929 (10th Cir. 2004)(Attached as Exhibit 1)(holding that an inmate who did not attempt to get an extension of time to file a grievance via § 542.14(b) could not be considered to have exhausted his administrative remedies.); Garrett v. DeRosa, 2006 WL 561957, *6 (D.N.J. March 2, 2006)(Attached as Exhibit 2)(Holding that an inmate had not exhausted his administrative remedies where he had not attempted to secure an extension under § 542.14(b)); Vega v. United States Department of Justice, 2005 WL 2931841, *6-7 (M.D.Pa. Nov. 4, 2005)(Attached as Exhibit 3); Springer v. Booker, 2005 WL 1126675 (E.D. Ky. May 11, 2005)(Attached as Exhibit 4)(including an inquiry as to whether an extension was sought under § 542.14(b) into discussion of whether inmate had exhausted his administrative remedies.)

strictures of the PLRA, to seek extensions by asserting that staff obstruction was the "situation which prevented [him] from submitting the request within the established time frame" as set forth in § 542.14(b).[11]  If denied, Banks would then have had to appeal that denial up the BOP's administrative remedy chain before filing suit in this Court.  He did none of this.

If this Court fails to reconsider its decision on the exhaustion issue in light of § 542.14(b), or holds that, given his circumstances, Banks was not required to seek an extension once the administrative remedy process was undisputedly available to him, then it will have rendered § 542.14(b) a nullity and provided future prisoner litigants with a blue-print of how to avoid motions to dismiss based on a failure to exhaust.  All an inmate would have to do is find a period in their remedy history when they filed no grievances for more than twenty days, and then file a complaint in federal court alleging that they had been mistreated on the first day of that period but had been stymied in their attempts to file a grievance form for the next twenty days.  Such allegations would be enough to survive a motion to

---

[11]     It may be tempting for Banks to argue that such an "excuse" is not listed among the examples of valid reasons for an extension set forth in § 542.14(b).  This argument is unavailing.  By its own language, the section does not set forth the examples as an *exclusive* list of valid reasons for granting an extension and also sets forth a general description of what will constitute a valid reason.  It is also noted that none of the cases cited in footnote ten, above, view the list as exclusive of other potentially valid reasons for an extension.

dismiss.  Section 542.14(b)'s very existence is intended to avoid a hard and fast deadline with no exceptions, and to allow the BOP a chance to consider *all* potential claims against it or its staff before being hauled into federal court.  The PLRA requires inmates such as Banks to avail himself of these procedures.  This Court should reconsider its June 24, 2008, Memorandum and Order in light of this and dismiss all of Banks' claims for failure to exhaust his administrative remedies.

> II.  **This Court Should Reconsider Its Decision Regarding Banks' Access To The Court's Claim Because It Improperly Assumed An Alleged Result Of That Denial Was Injurious.**

Even were this Court to reject the argument regarding exhaustion set forth in the previous section, an independent ground for reconsideration exists with respect to Banks' claim of denial of access to the courts.

In this Court's discussion of this claim, it rejected the defendants' argument that Banks had not alleged an "actual injury" resulting from the alleged denial, noting that Banks had clearly alleged in his complaint that he had missed court imposed deadlines in other cases.[12]  Defendants submit that, while the missing of a court imposed deadline might certainly be a *result* of a denial of access to the courts, unless the court that imposed that deadline takes some sort of adverse action because of the missed deadline, there is no actual *injury*.  As this Court is

---

[12]   June 24, 2008, Memorandum and Order, pp. 23-24.

8

aware, the mere missing of a deadline, particularly by a *pro-se* litigant does not inherently and inevitably lead to an adverse action being taken by a court against that inmate. In many instances, the pro-se litigant is given more time, and he always has the availability of requesting leave to file his document *nunc pro tunc*. In short, the mere allegation of missing a deadline *alone* does not allege the kind of "loss or rejection of a legal claim"[13] or "irreparable injury"[14] that the Third Circuit requires. Undersigned counsel recognizes that this Court has cited to the District of New Jersey case Allebach v. Sherrer,[15] in support of its holding and that the Allebach court, in turn, cites to the Third Circuit case of Roman v. Jeffes.[16] It would seem, however, that the Allebach court overstated the holding of Roman to the extent it claims Roman stands for the proposition that an allegation of actual injury based upon the bare claim of missed deadlines is sufficient to defeat a motion to dismiss on this issue. On the contrary, the Roman court refers to "voluminous" additional materials submitted by the plaintiff in that case, and cites to the very Kershner decision cited above which set forth the "irreparable injury"

---

[13]   Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997).

[14]   Kershner v. Mazurkiewicz, 670 F.2d 440, 444-445 (3d Cir. 1982).

[15]   Allebach v. Sherrer, 2005 WL 1793726 (D. N.J. July 27, 2005).

[16]   Roman v. Jeffes, 904 F.2d 192 (3d Cir. 1990).

9

standard of what constitutes an "actual injury." Simply put, Banks' bare assertions of missed deadlines do not go far enough to make out an actual injury and thus his access to the courts claim should be dismissed.

As a final note, since this Court has now limited Banks to going forward on claims that arose from April 17, 2006, to May 6, 2006, and since Banks has set forth the four cases in which he claims he missed deadlines and was unable to comply with court orders[17] a review of the dockets for those cases is enlightening as to whether Banks truly suffered an actual injury at the relevant times. Not only is there no indication on any of the dockets that Banks missed any deadlines, but in each and every one of the four cases, either Banks, or the attorney representing him in the appellate matter *actually filed documents with the courts during the very period in which he alleges he was being denied access to those courts.*[18]

---

[17]     See Rec. Doc. No. 38, ¶ 26.

[18]     See Exhibit 5, Excerpts of Docket Sheets for United States v. Banks, 3d Cir. No. 05-1715; Banks, et al. V. Hull, et al., W.D.Pa. No. 04-cv-1771; United States v. Banks, W.D.Pa. No. 04-cr-0176; United States v. Banks, W.D.Pa. No. 03-cr-0245.

## CONCLUSION

In light of all of the above, this court should reconsider its denial of the defendants' motion to dismiss Banks' claims of denial of access to the courts.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

s/ Stephen R. Cerutti
STEPHEN R. CERUTTI
Assistant U.S. Attorney
PA 90744
DAWN L. MAYKO
Paralegal Specialist
U.S. Attorney's Office
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA 17108
Phone: 717-221-4482
Dated: July 9, 2008    Fax: 717-221-2246

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | NO. 1:CV-06-1127 |
| Plaintiff | : | |
| | : | (Conner, J.) |
| v. | : | |
| | : | |
| **JULIE NICKLIN, et al.,** | : | |
| Defendants | : | Filed Electronically |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this day of July 9, 2008, she served a copy of the attached

## BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Frederick Banks
Reg. No. 05711-068
FCI Yazoo City
P.O. Box 5000
Yazoo City, MS 39794

                                                  s/ Dawn L. Mayko
                                                  DAWN L. MAYKO
                                                  United States Attorney's Office