# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK BANKS,** | : CIVIL ACTION NO. 1:06-CV-1127 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **ONE OR MORE UNKNOWN NAMED CONFIDENTIAL INFORMANTS OF FEDERAL PRISON CAMP CANAAN, et al.,** | : |
| **Defendants** | : |

## ORDER

AND NOW, this 21st day of July, 2008, upon consideration of defendants' motion (Doc. 60) for reconsideration of the court's June 24, 2008 memorandum and order (Doc. 59), and it appearing that defendants argue that the court committed a manifest error of law by failing to include a discussion of the extension requirement set forth in 28 C.F.R. § 542.14(b) in its exhaustion analysis, and the court noting that its exhaustion analysis was conducted using a motion for summary judgment standard because the parties presented "matters outside the pleadings" in support of their argument that Banks' remedies had not been exhausted (see Doc. 59 at 3 n.2), that defendants neither mentioned 28 C.F.R. § 542.14(b) in their initial motion and supporting briefs nor offered any evidence that would support the relief they now request in their Rule 56 statement of material facts (see Docs. 51, 54, 55, 58), and that defendants do not assert that they neglected to include the aforementioned evidence in their Rule 56 fact statement because it was recently discovered, see

Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (stating that one purpose of a motion for reconsideration is "to present newly discovered evidence"), and the court finding that without evidence in the record to support defendants' contention that Banks failed to request an extension as required by 28 C.F.R. § 542.14(b), the court was constrained from reaching the legal conclusion that defendants now seek, and the court further finding that defendants' request for reconsideration of Banks' First Amendment access to courts claim presents a nuanced legal argument about the applicability of a particular case and does not suggest that the case is no longer viable or that the court committed a manifest error of law by relying upon it,[1] see id. (concluding that a second purpose of a motion for reconsideration is "to correct manifest errors of law or fact"); see also Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992) (cautioning that mere disagreement with the court does not translate into a clear error of law), it is hereby ORDERED that:

1. Defendants' motion for reconsideration (Doc. 60) is DENIED.

2. Defendants shall be permitted to file a motion for summary judgment on or before September 19, 2008.

    a. The motion for summary judgment may raise those arguments previously asserted in the motion for reconsideration, as well as any other arguments defendants deem prudent.

---

[1] The court further notes that Banks' First Amendment access to courts claim was considered using a motion to dismiss standard. (See Doc. 59 at 3 n.2.) To the extent that defendants now ask the court to review documentary evidence in support of their requested relief, such review is better reserved for summary judgment.

    b.    The motion for summary judgment shall be accompanied by a statement of material facts, which shall include <u>specific references to the parts of the record</u> that support the statements and shall comply in all respects with Local Rule 56.1.

          <u>S/ Christopher C. Conner</u>
          CHRISTOPHER C. CONNER
          United States District Judge